UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM BRINSON BALL,

Plaintiff,

v.                                                    Case No. 5:25-00123-TPB-PRL

DONOVAN DAVIS, JR.,
FRANK AMODEO,
CHRISTIANE DAVIS,

Defendants.

_____/

### CHRISTIANE DAVIS'S MOTION TO DISMISS

The Complaint ("Complaint") filed by convicted pedophile William Brinson Ball is nothing more than a jailhouse complaint asserting baseless, reckless, and often contradictory allegations against any and all defendants who Ball believes contributed to his alleged financial predicament and continued decades-long of incarceration. After Ball was convicted for attempted child enticement and transporting child pornography, he was sentenced to 22 years of imprisonment followed by a lifetime term of supervised release. Ball is currently serving his time at FCC Coleman Low located in Coleman, Florida, where he spends his time dreaming up frivolous lawsuits. This is just another one of Ball's fairy tales.

Ball complains in 84 pages, through 798 numbered paragraphs, that Defendants defrauded him. Dkt. 1. In his sprawling Complaint, Ball alleges violations of the civil Racketeering Influenced and Corrupt Organizations Act ("RICO"), fraudulent misrepresentations, conspiracy, unjust enrichment, breach of fiduciary duty, unauthorized practice of law, and breach of contract. Aside from being legally deficient, the Complaint fails to invoke this court's jurisdiction. So, for

these reasons and those below, Christiane Davis requests that this court dismiss this action in its entirety, with prejudice.

## Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits challenges to a district court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A complaint must be dismissed where jurisdiction is lacking. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

When a complaint fails to state a claim, it is subject to dismissal under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Federal pleading rules require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" not detailed allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (*quoting* Fed. R. Civ. P. 8(a)(2)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But "[t]hreadbare recitals of the elements," conclusory statements, labels or mere legal conclusions will not suffice. *Id.* When considering a Rule 12(b)(6) motion, the court accepts the factual allegations as true and construes all reasonable factual inferences in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

But when claims sound in fraud or mistake, as many of Ball's do, the plaintiff must also satisfy the heightened pleading requirements of Rule 9(b), and allege the "who, what, when, where, and how," *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (internal marks omitted), of the alleged fraud. *See* Fed. R. Civ. P. 9(b).

## Argument

To begin, Ball attempts to manufacture federal jurisdiction by 1) claiming jurisdiction by diversity; and 2) jerry-rigging false claims to animate the civil provisions of RICO. Despite his efforts, Ball fails in both areas.

### A. Ball Fails to Establish Jurisdiction

A district court has subject-matter jurisdiction "where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a).

Here, the parties are not diverse. Christiane Davis is a citizen of Florida. Dkt. 34 (Summons). Frank Amodeo is a citizen of Florida. *Id.* And Donovan Davis, Jr., is a citizen of Florida. As for Ball, although he asserts that he is a resident of Mississippi, he's not. The Eleventh Circuit found that Ball "*resided in Dubai* [when he] communicated over the internet with a special agent posing as the father of a seven-year-old child to organize a sexual encounter with the child, [then] flew from Dubai to Orlando, Florida, and then drove to Tampa, Florida for the encounter." *United States v. Ball*, 835 Fed. Appx. 493, 494 (11th Cir. 2020) (emphasis added). Ball was then detained, denied bail, convicted, and sent to prison, all in the Middle District of Florida. *See generally, United States v. Ball*, No. 8:18-cr-69-VNC-AAS (M.D. Fla. 2018). Upon his 2036 release, Ball is required to serve the remainder of his life on supervised release in the Middle District of Florida. *Id.* at Doc. 60. Ball has made no request to his sentencing court to transfer jurisdiction of his lifetime term of supervised release to a district court in a different state, as allowed by 18 U.S.C. § 3605. *See Ball*, No. 8:18-cr-69-VNC-AAS, Docket. And it should be noted that a transfer of that nature is subject to Ball's sentencing court's approval—no matter where Ball wishes to live. *See* 18 U.S.C. § 3605. So, as it currently stands, Ball is in Florida and is required to remain in Florida upon his release to serve the rest of his life on supervised release. He certainly will not be returning to Dubai.

At this juncture, because complete diversity is absent, this action must be dismissed as this court lacks subject-matter jurisdiction. But should this court find that it retains jurisdiction, the Complaint should be dismissed for the following reasons.

3

**B. Ball's RICO Claims Fail as a Matter of Law**

Ball's RICO claims are premised upon allegations that Defendants fraudulently mishandled his legal issues by engaging in the unauthorized practice of law. And, that this alleged mishandling violated the civil RICO provision. But, to advance beyond the pleading stage, courts require civil RICO plaintiffs to plausibly allege "six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) inquiry to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (*citing* Fed. R. Civ. P. 9(b). Ball doesn't even come close to meeting any of these civil RICO pleading requirements to advance beyond this stage.

On the outset, this court has no jurisdiction to determine whether Defendants engaged in the unauthorized practice of law because the "Florida Supreme Court has delegated its authority over the investigation and prohibition of the unlicensed practice of the Florida Bar." *Gonczi v. Country Home Loans, Inc.*, 271 F. App'x 928, 929-30 (11th Cir. 2008). Enforcement of the unauthorized practice of law lies exclusively with the Florida Supreme Court through the Florida Bar. *The Florida Bar v. Moses*, 380 So. 2d 412, 417 (Fla. 1980). Admittedly, the Florida Supreme Court has recognized a private civil action to recover fees and damages for the unlicensed practice of law. *See Goldberg v. Merrill Lynch Credit Corp*, 35 So. 3d 905, 907 (Fla. 2010). But for such a cause of action, the Florida Supreme Court must have already "ruled that the specified conduct at issue constitutes the unauthorized practice of law." *Id*. If the conduct has been determined by the Florida Supreme Court to constitute the practice of law, a cause of action will exist. *Id*. at 908. Here, the Florida Supreme Court made no such finding. As a result, we are only left with only

4

Ball's fantastical storyline. But even taking Ball's *ipse dixit* as true, Ball's claims still fail as next shown.

### 1. Racketeering Activity

Any cognizable civil RICO claim requires the plaintiff to plead at least two predicate acts of racketeering, which implicate a long list of state and federal crimes. *See* 18 U.S.C. § 1961(1), (5). This requires Ball to "put forward enough facts with respect to each predicate act to make it independently indictable as a crime." *Cisneros*, 972 F.3d at 1215 (*citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)).

In conclusory fashion, Ball alleges that Defendants engaged in predicate acts involving wire fraud and mail fraud. But wire fraud requires that a defendant "(1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or 'causes' the use of the ... wires for purpose of executing the scheme or artifice." *United States v. Bradley*, 644 F.3d 1213, 1238 (11th Cir. 2011) (*quoting United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007)). And "'the only difference between' mail and wire fraud 'is [that] mail fraud requires proof of the use of the mails[] while wire fraud requires proof of the use of the wires'" *United States v. Robertson, Robertson*, 493 F.3d 1322, 1331 (11th Cir. 2007)(alterations in original)(*quoting Beck v. Prupis*, 162 F.3d 1090, 1095 (11th Cir. 1998).

Here, Ball offers nothing more than vague, threadbare recitals lacking in any specific detail and hundreds of attachments that contradict his unintelligible allegations. Therefore, his wire fraud and mail fraud allegations do not establish predicate acts, because Ball "must satisfy the heightened pleading requirements of Rule 9(b); that is, [Ball] must specify with precision exactly why any allegedly fraudulent statements were false and how they mislead him." *Trump v. Clinton*, 626 F. Supp. 3d 1264, 1304 (S.D. Fla. 2022).

### 2. Enterprise

Ball also fails to plausibly allege that together the defendants formed an association-in-fact enterprise. *See* 18 U.S.C. § 1961(4) (defining "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"). Crucially, "a RICO enterprise must be an entity separate and distinct from any individual defendant." *Cisneros*, 972 F.3d at 1215 (*citing Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). In other words, to state a civil RICO claim, the Complaint must establish a distinction between the defendant RICO "person" and the broader RICO "enterprise." *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1271 (11th Cir. 2000) (en banc) ("We now agree with our sister circuits that, for the purposes of 18 U.S.C. § 1962(c), the indictment must name a RICO person distinct from the RICO enterprise.").

Here, Ball failed to establish that there is "an entity separate and distinct from any defendant." *Cisneros*, 972 F.3d at 1215.

### 3. Pattern

But even if Ball did name a RICO enterprise and that two predicated acts of wire fraud and mail fraud were committed, Ball fails to allege a pattern of racketeering activity. RICO only applies to long-term, habitual criminal activity-not isolated or sporadic episodes. *See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1265 (11th Cir. 2004) (noting that "the sort of offense that RICO is designed to address" is "one that is part of a pattern of ongoing, continuing criminality").

### 4. Causation

Ball also cannot show that Defendants' alleged conduct caused him injuries as a matter of law. RICO provides a cause of action for "[a]ny person injured in his business or property by *reason* of a violation of section 1962." 18 U.S.C. § 1964(c) (emphasis added). Besides, Ball

produced evidence that he was "completely satisfied" with Christiane Davis's work. *See* Dkt 1-1 at Page 147 of 389.

## Conclusion

For the foregoing reasons, the Complaint is jurisdictionally barred, inadequately pled, and legally deficient. Therefore, Christiane Davis respectfully requests that this court dismiss the Complaint in its entirety, with prejudice.

Respectfully submitted on this 25th day of September 2025 by:

Christiane Davis
3326 Verdi Cir. SE
Palm Bay, FL 32909

## CERTIFICATE OF SERVICE

I, Christiane Davis, certify that a copy of this motion sent, via U.S. mail, to Plaintiff at FCC Coleman Low, P.O. Box 1031, Coleman, Florida 33521. A copy of this motion was also sent to Donovan Davis, Jr., at FMC Butner, P.O. Box 1600, Butner, North Carolina, 27509, and to Frank Amodeo, at 6129 Lost Tree Court, Orlando, FL, 32808.

Christiane Davis

## VERIFICATION

I, Christiane Davis, swear under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the statements made in this motion are true and correct to the best of my knowledge.

Christiane Davis

FROM:
Christie Davis
3326 Verdi Cir SE
Palm Bay, FL 32909

TO:
U.S. District Court MDFL, Ocala Div
207 Northwest Second St.
Ocala, FL 34475

UNITED STATES POSTAL SERVICE® | PRIORITY MAIL

TE ENVELOPE
EIGHT

e Pickup,
e.

SCREENED By USMS

UP

INSURED



EP14F October 2023
OD: 12 1/2 x 9 1/2

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.