UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILLIAM B. BALL,**

    **Plaintiff,**

Case No. 5:25-cv-123-TPB-PRL

**DONOVAN G. DAVIS, JR.,
CHRISTIANA DAVIS, and
FRANK L. AMODEO,**

    **Defendants.**
_____/

## MOTION OF DEFENDANT FRANK L. AMODEO
## TO QUASH SERVICE OF PROCESS

Defendant, Frank Amodeo, moves to quash service of process of the Complaint, Doc. 1, on him. As discussed below, in June 2008, the Circuit Court for the Ninth Judicial Circuit determined Mr. Amodeo to be incapacitated. The Circuit Court has appointed guardians to handle Mr. Amodeo's personal and financial affairs. Mr. Amodeo continues to be adjudicated incapacitated. Under Florida law, as incorporated by the federal rules of procedure, service of process on Mr. Amodeo in any action must be made on his guardians; service on Mr. Amodeo personally is insufficient to establish personal jurisdiction over him.

Further, the Complaint is due to be dismissed as to Mr. Amodeo for multiple reasons. Should Mr. Amodeo's guardians ultimately be properly served, or if the

1

Court denies this motion, the Court should set a reasonable time for a motion to dismiss to be filed on Mr. Amodeo's behalf.

For these reasons and the reasons set forth in the following Memorandum, the Court should quash service of the Complaint on Mr. Amodeo.

## MEMORANDUM

### I. Background

The Plaintiff, William B. Ball, is a federal prisoner incarcerated at FCI Coleman Low. Doc. 1 ¶ 5. Mr. Amodeo is a formerly incarcerated person who was previously also at Coleman. *Id.* ¶ 43. Although it is not alleged in the Complaint, Mr. Amodeo was released from Coleman in June 2020 on CARES Act home confinement. In December 2024, Mr. Amodeo's sentence was commuted to time served by President Biden, and he is presently serving his term of supervised release. *Id.* ¶¶ 44, 45.

In February 2025, Mr. Ball filed his pro se Complaint, which purports to assert causes of action against Mr. Amodeo for Fraudulent Misrepresentation (Count III); Fraudulent Inducement (Count VI); Conspiracy to Commit Fraud (Count VII); Unauthorized Practice of Law (Count VIII), Mail & Wire Fraud (Count IX), Federal Civil RICO – Mail and Wire Fraud, 18 U.S.C. § 1961 (Count X); Federal Civil RICO – Fraudulent Use of Federal Court, 18 U.S.C. § 1961 (Count XI); Unjust Enrichment (Count XIV); and Breach of Contract (Count XVIII).

The Complaint was served on Mr. Amodeo personally on September 11, 2025. Doc. 37.

## II. Service of process should be quashed because Mr. Amodeo has been adjudicated incompetent and a guardian appointed, and service on him personally does not provide the Court with personal jurisdiction over him.

Service of process on Mr. Amodeo should be quashed. As the Complaint recognizes, Mr. Amodeo has been judicially declared to be incompetent to handle his own affairs, and guardians have been appointed for him. Doc. 1 ¶ 47. In June 2008, in *In re Guardianship of Amodeo*, Case No. 2008-CP-001369 (Fla 9th Cir.), the Florida probate court determined Mr. Amodeo to be incapacitated due to mental illness and appointed a guardian to handle his personal and financial affairs. Attached as Exhibits A through C to this motion are the following Orders entered in *In re Guardianship of Amodeo*: the Amended Order Appointing Emergency Temporary Guardian (June 20, 2008) (Ex. A); Order Appointing Guardian (June 9, 2015) (Ex. B), and Order Appointing Co-Guardians (Apr. 5, 2021) (Ex. C). As the attached court records demonstrate, the Circuit Court in *In re Guardianship of Amodeo* has determined and reaffirmed multiple times over the past seventeen years that Mr. Amodeo is incapacitated. Ex. A-C. Significantly, the guardianship court has ruled that certain rights, including the right "to initiate, defend or settle lawsuits" are "removed from [Mr. Amodeo] and specifically delegated to" his guardians. Ex. B at 1.

The Court may properly consider orders in the *In re Guardianship of Amodeo* matter in deciding this motion. At the motion to dismiss stage, a district court is entitled to take judicial notice of "any other legal proceedings related to the parties before it, even if those materials are not mentioned on the face of the complaint." *Smith*

*v. Attorney Gen.*, 2025 WL 1833696, at *3 (11th Cir. July 3, 2025); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Shuler v. Duke*, 792 Fed. Appx. 697, 702 n. 3 (11th Cir. 2019) (courts are permitted on a motion to dismiss to "take judicial notice of publicly-filed documents, including state court records").

Moreover, the Complaint references the state court's determination that Mr. Amodeo is incompetent, Doc. 1 ¶ 47, although it states an erroneous date of 2017 for that determination. The Complaint also refers to a 2015 Order in *Palaxar Group v. Williams*, Case No.: 6:14-cv-00758-Orl-28GJK (M.D. Fl.) "(*Palaxar Group*"). Doc. 1 ¶ 48. In the referenced Order, Judge Antoon of this Court held that because "the Florida probate court's Order Appointing Guardian has removed Amodeo's right 'to initiate, defend or settle lawsuits'" and "that right has been 'specifically delegated to the Guardian,'" Mr. Amodeo was precluded from making any filings in the case, and any interests in the case would have to be pursued by his guardian. *Palaxar Group*, Doc. 308 at 2 (quoting *In re Guardianship of Amodeo*, Order Appointing Guardian at 1). A copy of the September 16, 2015 Order in *Palaxar Group* is attached as Exhibit D. A similar order was entered by the district court in the Northern District of Alabama in *Balch and Bingham, LLP v. United States*, Case No. 2:14-cv-02041-JHE (N.D. Ala.), and is attached as Exhibit E.

4

Under Federal Rule of Civil Procedure 17(b)(1), a person's capacity to sue and be sued is determined "by the law of the individual's domicile;" here, Mr. Amodeo's domicile is Florida, and his incapacity has been adjudicated under Florida law. Further, under Rule 17(c)(1), the guardian for an incapacitated person may sue or defend on behalf of that person. The Complaint recognizes that Mr. Amodeo has been deemed incapacitated under Florida law and guardians have been appointed for him. Doc. 1 ¶¶ 47, 48. Mr. Amodeo does not have the legal capacity to defend this lawsuit, and any defense of the lawsuit must be brought by his guardians.

The law of Mr. Amodeo's domicile of Florida regarding service of process provides that where a legal guardian has been appointed for the person, service must be made "by serving the guardian." Fla. Stat. § 48.042(1)(a); *see also Ewell v. Trainor*, 279 So. 3d 1292, 1293 (Fla. 5th DCA 2019). Florida law recognizes that "[p]roper service of process is indispensable for the court to have personal jurisdiction over the incompetent person, unless properly waived, even though the court may have subject matter jurisdiction." *Ewell*, 279 So. 3d at 1293. Accordingly, "there can be no determination of the parties' adverse claims" unless the incapacitated person has been properly served by serving their guardian. *Id.* In keeping with this principle, the *Ewell* court held that the judgment against the defendant in that case had to be set aside, because the plaintiff's failure to properly serve him through his guardian meant that "[t]he trial court never properly obtained personal jurisdiction over" him. *Id.*; *see also Drake v. Wimbourne*, 112 So. 2d 27, 29 (Fla. 2d DCA 1959) (dismissal of complaint plaintiff failed to serve on guardian of incapacitated person was required because

5

service on guardian as required by statute was "a prerequisite to the acquisition by the court of general jurisdiction over the person of the defendant").

Similarly, in *Zaro v. Strauss*, 167 F.2d 218 (5th Cir. 1948), the Fifth Circuit held that a default judgment entered against an incapacitated person had to be set aside, where her guardian had never been served. *Id.* at 221. Although the incapacitated person had been represented by counsel in the action, the Fifth Circuit recognized in *Zaro* that under Florida law, service was required on the guardian to obtain personal jurisdiction over the defendant. *Id.* at 220.

Because Mr. Amodeo has been adjudicated incompetent, service upon him personally rather than on his guardians was ineffective to vest personal jurisdiction over him in this Court. The Court should quash service of process.

### III. The Complaint is due to be dismissed as to Mr. Amodeo, and if proper service is accomplished and the Court obtains personal jurisdiction over him, the Court should set a reasonable time for a motion to dismiss to be filed on his behalf.

Because Mr. Amodeo has not been properly served through his guardians and the Court has not obtained personal jurisdiction over him, a motion to dismiss on his behalf is not procedurally proper at this time. For the reasons briefly summarized below, however, all of Plaintiff's claims fail: they do not meet Federal Rule of Civil Procedure 9(b)'s requirement of pleading with particularity, are barred by the statute of limitations or the statute of frauds, and/or fail to state a cause of action. Accordingly, if proper service is made on Mr. Amodeo's guardians and the Court obtains personal jurisdiction over him, or if the Court denies this motion to quash

service, the Court should set a reasonable deadline for a motion to dismiss to be filed on behalf of Mr. Amodeo.

First, six of the nine counts Mr. Ball has asserted sound in fraud, and none of these counts is adequately pled to survive a motion to dismiss. "Rule 9(b) requires plaintiffs to plead allegations of fraud 'with particularity.'" *Saville v. Webb*, 2025 WL 2254239, at *6 (11th Cir. Aug. 7, 2025) (quoting Rule 9(b)). "Plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997) (per curiam)). Mr. Ball has asserted claims for fraudulent misrepresentation, fraudulent inducement, conspiracy to commit fraud, and mail and wire fraud, as well as two civil RICO claims based on mail and wire fraud and fraudulent use of federal courts. Doc. 1. Yet Mr. Ball's allegations regarding Mr. Amodeo are vague and conclusory, satisfying none of Rule 9(b)'s particularity requirements. They do not allege with specificity the contents of statements Mr. Amodeo allegedly made to him, when those statements were allegedly made, the manner in which he made them, or how Mr. Amodeo purportedly benefitted from them. To the contrary, the Complaint bears the hallmarks of a "shotgun pleading" that is due to be dismissed, asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or

omissions." *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021)(quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)).

The lack of specificity of the Complaint makes it impossible to determine precisely what Mr. Ball alleges Mr. Amodeo said or did, when he allegedly did so, or how he allegedly benefited. Had Mr. Ball pleaded his claims with particularity, it would be apparent that his claims had to be dismissed, for multiple reasons. For example, as noted above, although the Complaint does not acknowledge it, Mr. Amodeo was released to home confinement in June 2020 under the CARES Act due to his medical condition. The Complaint's omission of this fact is significant because Mr. Amodeo has had no communication or involvement of any kind with Mr. Ball or the other Defendants at least since his release from Coleman over five years ago – a time period in excess of the statute of limitations for the claims Mr. Ball alleges against Mr. Amodeo. *See, e.g.*, Fla. Stat. § 95.11(i) (Florida's four-year statute of limitations for a claim "founded on fraud"); *Rotella v. Wood*, 528 U.S. 549, 553 (2000) (federal civil RICO claims have a four-year limitations period); *John Hancock Life Ins. Co. v. Friedman*, 2021 WL 4973608, at *3 (S.D. Fla. May 28, 2021) (statute of limitations for unjust enrichment claims is four years). Likewise, if Mr. Ball is required to specifically plead allegations regarding the benefit Mr. Amodeo received from any alleged deception of him, Mr. Ball would have to disclose that neither he nor anyone on his behalf has ever provided funds to Mr. Amodeo. Mr. Amodeo has no knowledge of any payments that were allegedly made to the other Defendants, and has not himself requested or been paid a single penny that came directly or indirectly from Mr. Ball.

Second, the Unauthorized Practice of Law claim fails to state a cause of action. Under Florida law, to state a claim for damages based on the unauthorized practice of law, a complaint must allege that the Florida Supreme Court "has ruled that the specified conduct at issue constitutes the unauthorized practice of law." *The Florida Bar re Advisory Opinion-Scharrer v. Fundamental Admin. Services*, 176 So. 3d 1273, 1277 (Fla. 2015); *see also Goldberg v. Merrill Lynch Credit Corp.*, 35 So. 3d 905, 907 (Fla. 2010).

Third, the Mail and Wire Fraud count fails to state a cause of action because "[t]here is no private right of action under the" federal mail fraud or wire fraud statutes. *Truthinadvertisingenforcers.com v. My Pillow, Inc.*, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017).

Fourth, none of the RICO claims adequately plead any of the required elements of a RICO claim, which include "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cont'l 332 Fund, LLC v. Albertelli*, 2021 WL 3184586, at *2 (11th Cir. July 28, 2021) (quoting *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994)). Demonstrating a pattern of racketeering activity requires a showing of at least two predicate acts, each of which provide sufficient facts to show it was "independently indictable as a crime." *Id.* (quoting *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1215 (11th Cir. 2020)). Mr. Ball has not pled with particularity any facts showing that Mr. Amodeo conducted an enterprise or engaged in a pattern of racketeering activity. Again, if required to plead these elements of a RICO claim with particularity, Mr. Ball would be unable to do so as to Mr. Amodeo.

Fifth, Mr. Ball's Breach of Contract claim against Mr. Amodeo is barred by Florida's statute of frauds. This count alleges that Mr. Ball entered into an "oral contract" with Mr. Amodeo on approximately March 24, 2019, under which Mr. Amodeo agreed to provide Mr. Ball "legal services" in connection with Mr. Ball's "Direct Appeal of his criminal conviction, Motion for Panel Rehearing, Motion to Recall the Mandate, Writ of Certiorari, Motion for Return of Property, and 28 U.S.C. § 2255 Motion to Vacate, Reply Brief, Motion for Discovery, and interrogatories." Doc. 1 ¶ 779. "Florida's statute of frauds requires contracts that cannot be performed within a year to be in writing." *OJ Commerce, LLC v. Ashley Furniture Indus., Inc.*, 817 Fed. Appx. 686, 690 (11th Cir. 2020) (citing Fla. Stat. § 725.01), *DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 91–92 (Fla. 2013)). There is no reasonable possibility given the procedural requirements of the proceedings at issue that this alleged agreement to provide legal services could be fully performed within a year.

The above summary is not intended to be an exhaustive discussion of the reasons the Complaint should be dismissed, but merely to demonstrate that Mr. Ball's claims are not adequately pled, cannot be adequately pled, and will ultimately have to be dismissed as to Mr. Amodeo. Accordingly, if service is properly made on Mr. Amodeo's guardians, the Court should set a reasonable deadline for the filing of a motion to dismiss. Likewise, while Mr. Amodeo's motion to quash service on himself is well-taken and should be granted, if for any reason the Court declines to quash service of process on Mr. Amodeo, it is respectfully requested that the Court allow him

a reasonable opportunity to move to dismiss the complaint following the entry of any such order.

## CONCLUSION

For these reasons, it is respectfully requested that the Court enter an Order quashing service of process on Mr. Amodeo.

Respectfully submitted,

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes (FB# 159727)
KYNES, MARKMAN & FELMAN, P.A.
P.O. Box 3396
Tampa, FL  33601-3396
Telephone: (813) 229-1118
Facsimile: (813) 221-6750
Kyanes@kmf-law.com

*Attorneys for Defendant Frank Amodeo*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 10, 2025, a true and correct copy of this Motion was filed with the Clerk of Court through the Electronic Filing System. I further certify that on November 10, 2025, I have mailed a copy of this motion to the following parties unable to receive CM/ECF notices:

William Bell, #70048-018
FCI Coleman Low
PO Box 1031
Coleman, FL 33521

Donovan Davis, Jr., #60439-018
FMC Butner
PO Bo 1600
Butner, NC 27509

Christiane Davis
3326 Verdi Circle S.E.
Palm Bay, FL 32909
.

                                          /s/ *Katherine Earle Yanes*
                                          Katherine Earle Yanes