UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PALAXAR GROUP, LLC and PALAXAR
HOLDINGS, LLC,

      Plaintiffs,

v.                                  Case No: 6:14-cv-758-Orl-28GJK

SHANE WILLIAMS, JAY
STOLLENWERK, JODI DONALDSON
JAIMAN, HARRISON T. SLAUGHTER,
JR., MICHAEL C. MAHER, SCOTT M.
GOLDBERG, MATTHEW SCOTT
MOKWA, AARON CARTER BATES,
ALLEN MCLEAN ESTES, JOHN
RUSSELL CAMPBELL, ERIC
LANGLEY, LINDSAY REESE, SCOTT
SHUKER, ELIZABETH GREEN, ROY
KOBERT, TODD NORMAN,
NICOLETTE VILMOS, ROBERT
O'MALLEY, ROBERT W. CUTHILL, JR.,
BALCH & BINGHAM LLP, BROAD AND
CASSEL, P.A., LATHAM, SHUKER,
EDEN & BEAUDINE, LLP, MAHER LAW
FIRM, PA, NEXIA STRATEGY
CORPORATION and AQMI STRATEGY
CORPORATION,

      Defendants.

## ORDER

This cause is before the Court on Plaintiffs' Notice of June 9, 2015 Order Appointing Guardian of Incapacitated Adult and Non-Party Frank Amodeo and Plaintiffs' Motion to Strike (Doc. 300). In essence, Plaintiffs assert that all filings of Frank Amodeo should be stricken because a guardian has been appointed for him by a state court judge and because neither he nor his guardian has standing in this case. Plaintiffs have attached to

their motion a "Notice of Appointment of Guardian" filed in another case in this Court along with a copy of an Order Appointing Guardian from a Florida probate court. (Ex. 1 to Doc. 300). Also attached to Plaintiffs' motion are Orders from a federal court in Alabama granting Amodeo's requests to allow his guardian to appear as his personal representative under Federal Rule of Civil Procedure 17(c). (Ex. 2 to Doc. 300).

Upon consideration, it is **ORDERED** as follows:

1. Plaintiffs' Motion to Strike (Doc. 300) is **DENIED**. The Court will not strike any of Amodeo's filings that have not already been stricken, and as set forth below, the Court will allow Amodeo to be heard on the question of subject-matter jurisdiction—the issue currently before this Court on limited remand from the U.S. Court of Appeals for the Eleventh Circuit.

2. Although the Court will allow Amodeo to be heard on the issue of subject-matter jurisdiction, the Florida probate court's Order Appointing Guardian has removed Amodeo's right "to initiate, defend or settle lawsuits"; that right has been "specifically delegated to the Guardian." (Order Appointing Guardian at 1). Thus, Amodeo may no longer make filings in this case on his own. Instead, Amodeo's alleged interests in this case must be pursued, if at all, by his guardian, Charles Rahn, on his behalf. See Fed. R. Civ. P. 17(c) (providing that "a general guardian . . . or like fiduciary" "may sue or defend on behalf of a minor or incompetent person"). The Court previously granted Amodeo leave to file a reply to all parties' responses to this Court's September 4, 2015 Order to Show Cause (Doc. 294) as to subject-matter jurisdiction on or before September 25, 2015. (See Order, Doc. 299). The Court will still allow such a reply, but it must be submitted, if at all, not by Amodeo but by the guardian on behalf of Amodeo.

2

3. The Clerk is directed to substitute Charles Rahn, as state-appointed guardian for Amodeo, in the place of Amodeo in the docket of this case. The Clerk is further directed to send this Order and this Court's September 15, 2015 Order (Doc. 299) to the guardian at 4589 Southfield Avenue, Orlando, Florida, 32812.

**DONE** and **ORDERED** in Orlando, Florida, on September 16, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
Frank Amodeo
Charles Rahn