UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM B. BALL,

Plaintiff,

v.                                                                 Case No. 5:25-123-TPB-PRL

DONOVAN G. DAVIS, JR.,
ET AL.,

Defendants.

_____/

**DONOVAN DAVIS, JR.'S, MOTION TO DISMISS**

The Complaint ("Complaint") filed by William B. Ball is nothing more than a jail-house complaint asserting baseless, reckless, and often contradictory allegations against any and all defendants who Ball believes contributed to his alleged financial predicament and continued decades-long incarceration. Ball was sentenced to 22 years of imprisonment followed by a lifetime term of supervised release for attempted child enticement and transportation of child pornography. He currently serves his time at FCC Coleman Low, located in Florida, where he spends his time writing fictional stories in the form of legal complaints. This action is merely the latest chapter of Ball's anthology.

In his sprawling Complaint Ball alleges violations of the civil Racketeering Influenced and Corrupt Organization Act ("RICO"), fraudulent misrepresentations, conspiracy, unjust enrichment, breach of fiduciary duty, unauthorized practice of law, and breach of contract. Aside from being legally deficient, the Complaint fails to invoke this court's jurisdiction. So, for these reasons, along with those below, Mr. Davis requests that this court dismiss this case in its entirety, with prejudice.

## Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits challenges to a district court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A complaint must be dismissed where jurisdiction is lacking. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

A complaint that fails to state a claim is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6). Federal pleading rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," not detailed allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (*quoting* Fed. R. Civ. P 8(a)(2)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Atlantic Corp. Twombly*, 550 U.S. 544, 570 (2007)). But "[t]hreadbare recitals of the elements," conclusory statements, labels or mere legal conclusions will not suffice. *Id.* When considering a Rule 12(b)(6) motion, the court accepts the factual allegations as true and construes all reasonable factual inferences in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

But, when claims sound in fraud or mistake, as many of Ball's do, the plaintiff must also satisfy the heightened pleading requirements of Rule 9(b), and allege the "who, what, where, when, and how," *Garfield v. NDC Health Corp*, 466 F.3d 1255, 1262 (11th Cir. 2006) (internal marks omitted)), of the alleged fraud. *See* Fed. R. Civ. P. 9(b).

## Argument

Ball, a U.S. citizen, attempts to manufacture federal jurisdiction by 1) claiming diversity; and 2) jerry-rigging false allegations to animate the civil provisions of RICO. Despite his fabricated efforts to do so, Ball failed in both areas.

### A. Failure to Establish Jurisdiction

A district court has subject-matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a). Here, the parties are not diverse.

It is undisputed that Defendants are Florida citizens. *See* Dkt. 1-1 at ¶¶ 6-8; Dkt. 34. As for Ball, he falsely claims to have resided in Mississippi prior to his arrest. *See* Dkt. 1-1 at ¶ 13. Courts have already found that Ball resided in Dubai prior to his arrest:

1. The Eleventh Circuit found that Ball "resided in Dubai" when he "communicated over the internet with a special agent posing as the father of a seven-year-old child to organize a sexual encounter with the child, paid $5,000 for the encounter, and flew from Dubai to Orlando, Florida, and then drove to Tampa, Florida for the encounter." *United States v. Ball*, 835 Fed. App'x 493, 494 (11th Cir. 2020).[1]

2. The District Court for the District of Columbia found that Ball "traveled *from his residence in Dubai* to Tampa, where he was arrested by agents from Homeland Security Investigations (HSI)." *Ball v. Executive Office for United States Attorneys*, 2024 U.S. Dist. LEXIS 157471 at *2 (D.D.C. 2024) (emphasis added).

And even Ball himself argued in his habeas action that his "'act of enticement occurred while [he] was in his private apartment in Dubai[.]'" *Ball v. United States*, 2024 U.S. Dist. LEXIS 193249 at *19 (M.D. Fla. 2024).

---

[1] After paying a federal agent money to fulfill his disgusting desire to have sex with children, Ball unconscionably demanded a refund. *See United States v. Ball*, 2024 U.S. Dist. LEXIS 69702 (M.D. Fla. 2024). Ball made this demand *after* he voluntarily entered into an agreement with the government to forfeit the money because of his admitted illegal conduct. *Id.* at *5. Then he asks for his money back? What is this guy thinking?

3

Ignoring his misdirection, Ball was captured, detained without bail, convicted, and sent to prison—all in the Middle District of Florida. *See generally, United States v. Ball*, No. 8:18-cr-69-VNC-AAS, Docket (M.D. Fla. 2018). Ball is required to remain there to serve his lifetime term of supervised release. *Id.* at Doc. 60; *see also* 18 U.S.C. § 3605. Even if Ball were transferred to a prison outside of Florida, he would be required to return to his sentencing district in Florida to serve his term of supervised release. *Id.* Furthermore, a review of Ball's criminal docket reflects that his sentencing court did not transfer jurisdiction of his case; a transfer that would be subjected to Ball's sentencing court's approval.[2] See *Id.*

Because complete diversity is absent, and as next explained, Ball's allegations do not meet the civil RICO requirements, the Complaint should be dismissed for lack of jurisdiction.

## B. Ball's RICO Claims Fail as a Matter of Law

Ball's fraud claims are premised upon allegations that Defendants fraudulently mishandled his legal issues by engaging in the unauthorized practice of law.[3] And, that this alleged mishandling violated the civil RICO provision. But to advance beyond the pleading stage, courts require civil RICO plaintiffs to plausibly allege "six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity."

---

[2] Ball's sworn admissions of moving to Mississippi upon his release not only illustrates a reckless disregard for the law requiring him to remain in the Middle District of Florida to serve his lifetime term of supervised release, but it also demonstrates his willingness to immediately violate a standing court order upon his release.

[3] An examination of all the filings in all of Ball's cases—both civil and criminal—reveal that all filings were filed either by him or an attorney.

*Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1316 (11th Cir. 2007). Ball doesn't even come close to meeting any of the civil RICO requirements to advance beyond any stage.

On the outset, this court lacks jurisdiction to determine whether Defendants engaged in the unauthorized practice of law because the "Florida Supreme Court has delegated its authority over the investigation and prohibition of the unlicensed practice to the Florida Bar." *Gonczi v. Country Home Loans, Inc.*, 271 Fed. App'x 928, 929-30 (11th Cir. 2008). Enforcement of the unauthorized practice of law lies exclusively with the Florida Supreme Court through the Florida Bar. *See The Florida Bar v. Moses*, 380 So. 2d 412, 417 (Fla. 1980). All told, the Florida Supreme Court has recognized a private civil action to recover fees and damages for the unlicensed practice of law. *See Goldberg v. Merrill Lynch Credit Corp.*, 35 So. 3d 905, 907 (Fla. 2010). But for such a cause of action to exist, the Florida Supreme Court must have already "ruled that the specified conduct at issue constitutes the unauthorized practice of law." *Id.* Here, the Florida Supreme Court made no such finding. As a result, we are only left with Ball's fantastical storyline. But taking Ball's *ipse dixit* as true, Ball's claims still fail as next shown.

### 1. Racketeering Activity

Any cognizable civil RICO claim requires the plaintiff to plead at least two predicate acts of racketeering, which implicate a long list of state and federal crimes. *See* 18 U.S.C. § 1962(1), (5). This requires Ball to "put forward enough facts with respect to each predicate act to make it independently indictable as a crime." *Cisneros*, 972 F.3d at 1215 (*citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)).

In conclusory fashion, Ball alleges that Defendants engaged in predicate acts involving wire fraud and mail fraud. But wire fraud requires that a defendant "(1) intentionally participates in a scheme or artifice to defraud another of money or property, and (2) uses or 'causes' the use of the ... wires for purpose of executing the scheme or artifice." *United States v. Bradley*, 644 F.3d

1213, 1238 (11th Cir. 2011) (*quoting United States v. Ward*, 486 F.3d 1212, 1222 (11th Cir. 2007)). And "'the only difference between' mail and wire fraud 'is [that] mail fraud requires proof of the use of the mails[] while wire fraud requires proof of the use of the wires'". *United States v. Robertson*, 493 F.3d 1322, 1331 (11th Cir. 2007) (alterations in original) (*quoting Beck v. Prupis*, 162 F.3d 1090, 1095 (11th Cir. 1998)).

Here, Ball offers nothing more than vague, threadbare recitals lacking any specific detail and hundreds of attachments that contradict his unintelligible allegations. Therefore, his wire and mail fraud allegations do not establish predicate acts, because Ball "must satisfy the heightened pleading requirements of Rule 9(b); that is, [Ball] must specify with precision exactly why any allegedly fraudulent statements were false and how they mislead him." *Trump v. Clinton*, 626 F. Supp. 3d 1264, 1304 (S.D. Fla. 2022).

### 2. Enterprise

The Complaint also fails to plausibly allege that together Defendants formed an association-in-fact enterprise. *See* 18 U.S.C. § 1961(4) (defining "enterprise" as "any individual, partnership, corporation, association, or the legal entity, and any union or group of individuals associated in fact although not a legal entity"). Crucially, "a RICO enterprise must be an entity separate and distinct from any individual defendant." *Cisneros*, 972 F.3d at 1215 (*citing Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001)). In other words, to state a civil RICO claim, the Complaint must establish a distinction between the defendant RICO "person" and the broader RICO "enterprise." *United States v. Goldin Indus. Inc.*, 219 F.3d 1268, 1271 (11th Cir. 2000) (en banc) ("We now agree with our sister circuits that, for the purposes of 18 U.S.C. § 1962(c), the indictment must name a RICO person distinct from the RICO enterprise.").

Here, Ball failed to establish that there is "an entity separate and distinct from any defendant." *Cisneros*, 927 F.3d at 1215.

### 3. Pattern

Moreover, even if Ball did establish that there is a RICO enterprise and that two predicated acts of wire fraud and mail fraud were committed, Ball fails to allege a pattern of racketeering activity. RICO only applies to long-term, habitual criminal activity-not isolated or sporadic episodes. *See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1265 (11th Cir. 2004) (noting that "the sort of offense that RICO is designed to address" is "one that is part of a pattern of ongoing, continuing criminality").

### 4. Causation

Ball also cannot show that Defendants' alleged conduct caused him injuries as a matter of law. RICO provides a cause action for "[a]ny person injured in his business or property by *reason* of a violation of section 1962." 18 U.S.C. 1962(c) (emphasis added). Confusingly, Ball supports his so-called injuries with a contract signed by him stating that "all work prior to this contract has been fulfilled, and I am completely satisfied." Dkt. 1-1 (Exh. "AA").[4]

### Conclusion

Because Ball's Complaint is jurisdictionally barred, inadequately pled, legally deficient, and pure utter nonsense, this court should dismiss this action, with prejudice.[5]

---

[4] Not only did Ball provide evidence that he was satisfied with Christiane Davis's alleged services, he also produced evidence that he still owes her money. *See* Dkt. 1-1 Exhibit "PPP" ("On August 7, 2023, we received an email from Christianne [sic] Davis, terminating the contract effective immediately. We did not issue payment based on that email. Your letter today seems to indicate we should pay her $5,000 a month for August and September for a total of $10,000.") (Letter from Trustmark to Ball (August 17, 2023)). Seriously? Again, what is this guy thinking?

[5] Poor Ball. The whole world is out to get him. First, the government tricked him by posing as a father selling an encounter with a minor, and for that he's owed a refund. *See Ball*, 835 Fed. App'x 493. Then, "the government violated his due process rights by manufacturing jurisdiction through 'trickery'" to get him. *Ball*, 2024 U.S. Dist. LEXIS 193249 at *27-28. The government also violated his *Miranda* rights. *Id*. All of his attorneys did a terrible job representing him. *See Id.* at *13-33. Then Judge Kovachevich did a bad job too. *Id*. at *26. Then, the Eleventh Circuit's clerk of court "engaged in manipulation" regarding his filings. *See United States v. Ball*, No. 18-14700-JJ (11th Cir. 2021) (Order, March 1, 2021). And if that weren't enough, every government agency that he sent a Freedom of Information Act (FOIA) request wronged him too—to the extent where he had to sue. *See Ball*, 2024 U.S. Dist. LEXIS 157471.

Respectfully submitted on this 21st day of November 2025:

*[signature]*

Donovan Davis, Jr.
Reg. No. 60439-018
FMC Butner
P.O. Box 1600
Butner, NC 27509

## CERTIFICATE OF SERVICE

I HEREBY certify that this document was mailed on the same day signed to be served on the parties to this action: Ball at FCC Coleman Low, Unit A-1, P.O. Box 1031, Coleman, FL 33521; Christiane Davis at 3326 Verdi Cir. SE, Palm Bay, FL 32909; and Frank Amodeo at 6129 Lost Tree Court, Orlando, FL 32808.

*[signature]*

Donovan Davis, Jr.

## VERIFICATION

I, Donovan Davis, Jr., swear under the penalty of perjury that the statements made in this document are true and correct to the best of my knowledge.

*[signature]*

Donovan Davis, Jr.

C. Davis
3326 Verdi Cir SE
Palm Bay, FL 32909



**SCREENED By USMS**

U.S. District Court Ocala
207 Northwest Second St.
Ocala, FL 34475