UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM B. BALL,

Plaintiff,

v. Case No.: 5:25-cv-123-TPB-PRL

DONOVAN G. DAVIS, JR., CHRISTIANE DAVIS, and FRANK L. AMODEO,

Defendants.
_____________________________________/

**ORDER**

Plaintiff William Ball, an inmate of the federal penal system, is proceeding pro se on a Complaint against former federal inmate Donovan G. Davis, Jr., Donovan's wife Christiane Davis, and former federal inmate Frank L. Amodeo. Doc. 1 at 2. In his Complaint, Plaintiff raises nineteen claims for relief and as bases for his claims alleges Defendants made false statements for the purpose of defrauding him out of hundreds of thousands of dollars for legal services, and that Defendants' actions rose to the level of, among other things, a racketeering enterprise. *Id.* at 5, Doc. 1-1 at 41–83. As relief, Plaintiff seeks actual damages in the amount of $358,874.45, treble damages in the amount of $1,076,623.35, along with an unspecified amount in consequential damages, and back interest. Doc. 1 at 7.

Defendants have all filed Motions to Dismiss the Complaint (Doc. Nos. 39, 57, 86) to which Plaintiff has filed responses in opposition (Doc. Nos. 63, 65, 92).

However, upon review, the Court finds Plaintiff's Complaint constitutes an impermissible shotgun pleading for failing to meet the pleading requirements set forth in the Federal Rules of Civil Procedure, and it will therefore be dismissed with leave to amend. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. (8)(a)(2). Further, Rule 10 requires a party to state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Luft v. Citigroup Global Markets Realty Corp.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation omitted).[1] The Eleventh Circuit Court of Appeals has identified four categories of shotgun pleadings:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

> multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1321–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

As an initial matter, Plaintiff's ninety-page Complaint, which includes 798 numbered paragraphs, fails to provide a short and plain statement of his claims showing that he is entitled to relief as required under Rule 8. Notably, Plaintiff includes numerous paragraphs with facts that have no clear relevance to any of the claims he raises. Just as one example, Plaintiff states his "wife and son reside in Japan and are Japanese citizens." Doc. 1-1 at 2.

Additionally, Plaintiff' problematically "re-alleges and incorporates" all 460 paragraphs of factual allegations in his Complaint for each of his claims. Doc. 1-1 at 41–83. To make matters worse, the 460 paragraphs Plaintiff re-alleges for each claim are rife with immaterial factual allegations not obviously connected to the causes of actions Plaintiff asserts. *See generally id.* at 1–40. Further adding to the confusion, many of the facts alleged in Plaintiff's Complaint refer to "Defendants" and often do not delineate which specific Defendant the fact pertains to. *Id.*

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Cook v. Randolph Cnty.*, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much

to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See Weiland*, 792 F.3d at 1321, 1321 n.9 (collecting cases). As the Court in *Cramer* recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer*, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11. *See id.* (admonishing district court for not striking shotgun complaint on its own initiative); *see also Weiland*, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Therefore, because Plaintiff's Complaint is an impermissible shotgun pleading, the Court will dismiss the Complaint with leave to amend. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleadings grounds). To the extent Plaintiff wishes to cure the deficiencies of his Complaint, he

may file an Amended Complaint. Plaintiff should note that the filing of an Amended Complaint supersedes any previous pleadings and becomes the operative complaint. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, the Amended Complaint must be complete, including all related claims he wishes to raise, and must not refer to any previously filed complaints. If Plaintiff does not timely file an Amended Complaint, this action will be dismissed as a matter of course. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension.").

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Complaint (Doc. 1) is **DISMISSED with leave to amend**.
2. If Plaintiff wishes to proceed in this case, he must file an Amended Complaint within **TWENTY-ONE DAYS** of the date of this Order.
3. Defendants' Motions to Dismiss (Doc. Nos. 39, 57, 86) are **DENIED as moot without prejudice to refile**.
4. **Plaintiff is advised that failure to fully comply with this Order within the time allotted will result in the dismissal of this action further notice**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of September 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

Copies to:
William B. Ball
Donovan G. Davis
Christiane Davis
Counsel of Record